NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GLORIA J. YETTER, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-cv-05848 (DMC-MF) |
| AT&T CORP., |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Defendant AT&T Corp., ("Defendant") to dismiss *pro se* Plaintiff Gloria J. Yetter's ("Plaintiff") Complaint, for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the parties' submissions, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) is **granted.**

**I.**    **BACKGROUND**

      Following her termination from AT&T Corp., Plaintiff brought this action alleging employment discrimination on the basis of her sex and age.[1] Specifically, Plaintiff alleges sex and age discrimination in violation of Title VII (42 U.S.C. § 2000e *et seq.*), retaliatory discharge in violation of Title VII and Section 1981 (42 U.S.C. § 1981a) and wrongful discharge under New

---

[1] The court must construe a *pro se* plaintiff's pleadings liberally and these plaintiffs must be held to less stringent standards than pleadings drafted by attorneys. See Stallworth v. Reheis Co., No. 05-202, 2007 U.S. Dist. LEXIS 46469, at *6 (D.N.J. June 27, 2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Jersey state law.  Plaintiff is a former employee of Defendant and was discharged from her employment on September 9, 2005.  Subsequent to her discharge, Plaintiff allegedly filed a letter with Defendant's Legal Department, stating her grievances in full.  (Pl's Br. p. 1).  On or about November 7, 2007, Plaintiff filed this Complaint in the Superior Court of New Jersey, Morris County.  The action was then removed to this Court, by way of 28 U.S.C. § 1331, because of Plaintiff's invocation of Title VII violations.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atlantic Corporation v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## III. DISCUSSION

Defendant asserts that Plaintiff failed to file a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC"), as required by 42 U.S.C. § 2000e-5(e)(1). An individual must exhaust EEOC's procedural remedies by filing a charge within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). An exception to this requirement exists where an individual has "initially instituted" an action with a State or local agency, in which case the charge must be filed within 300 days. Id. Failure to exhaust statutory remedies precludes an individual from succeeding on claims of discrimination. See Mitchell v. W. Union, No. 06-949, 2007 U.S. Dist. LEXIS 92621, at *12 n.6 (D.N.J. Dec. 11, 2007). "These preliminary steps are essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977).

Plaintiff's cause of action began on September 9, 2005, upon her release from employment with Defendant. Plaintiff admits that she failed to file her Complaint with the EEOC. (Pl's Br. p. 1). Additionally, Plaintiff fails to show any exhaustion of state remedies under the New Jersey Law Against Discrimination ("NJLAD"). N.J.S.A. 10:5-1 *et seq*. This Court must dismiss Plaintiff's sex discrimination claim for failing to satisfy the statutory prerequisites prior to seeking a judicial forum.

Similar to Plaintiff's allegation of sex discrimination, she brings a claim for age discrimination. Plaintiff fails to cite any specific statutory violation which Defendant allegedly engaged in. This Court, while hesitant to address this claim, finds that the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(d), provides an administrative exhaustion requirement analogous to Title VII. For reasons stated above in analyzing the Title VII claim, this Court must also dismiss Plaintiff's age discrimination claim. See Wheatley v. Guardian Life Ins. Co. of Am., No. 06-5228, 2007 U.S. Dist. LEXIS 72589, at *18 (D.N.J. Sept. 28, 2007) ("Plaintiffs cannot avail

themselves of judicial remedies under ADEA because the Complaint did not allege that they have filed an EEOC charge, nor have Defendants received such a charge.").

Plaintiff also alleges a claim for retaliatory discharge pursuant to 42 U.S.C. § 1981a. While the exhaustion requirements do not pertain to Section 1981, "[i]t is well settled among the federal courts of appeals...that § 1981 affords a federal remedy against discrimination in private employment on the basis of race." Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 459-60 (1975). Plaintiff did not state a claim for racial employment discrimination and instead claims discrimination on the basis of her age and sex. Failing to invoke racial discrimination, this Court must dismiss Plaintiff's Section 1981 retaliatory discharge claim. See also Dunleavy v. New Jersey, 251 Fed. Appx. 80, 82 (3d Cir. 2007).

Because of the dismissal of Plaintiff's federal claims, this Court will not exercise its supplemental jurisdiction over Plaintiff's wrongful discharge claim under New Jersey law. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (citing 28 U.S.C. § 1367 (c)(3)). Plaintiff's state law claims are hereby dismissed without prejudice.

**IV.   CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   July  8  , 2008
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File